IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR GRIGGS, #129 969, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12-CV-843-TMH |
| | ) | [WO] |
| KIM THOMAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate housed at the Holman Correctional Facility ["Holman"] located in Atmore, Alabama, filed his 42 U.S.C. § 1983 complaint on January 24, 2012 in the United States District Court for the Southern District of Alabama.  On August 27, 2012, the Magistrate Judge assigned to the case in the Southern District filed a Recommendation to transfer the action to this judicial district.  *See* Doc. No. 6.  This Recommendation was made *sua sponte* and adopted by order of the United States District Court for the Southern District of Alabama entered September 28, 2012.  *See* Doc. No. 7.

A review of the complaint reflects that Plaintiff complains that his Eighth and Fourteenth Amendment rights are violated by the overcrowded conditions of the Alabama prison system and, more specifically, by unconstitutional conditions existing at Holman. Plaintiff requests trial by jury and seeks damages and declaratory and injunctive relief against Defendants Tony Patterson–Warden of Holman, Commissioner Kim Thomas, Governor Robert Bentley, and Attorney General Luther Strange.  Upon review of the complaint, the

court concludes that dismissal of Plaintiff's complaint against Defendants Thomas, Strange, and Bentley is appropriate under 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff's complaint against the only remaining defendant–Warden Patterson–is due to be transferred to the United States District Court for the Southern District of Alabama.[1]

## I. DISCUSSION

Plaintiff filed his 42 U.S.C. § 1983 complaint on January 24, 2012 in the United States District Court for the Southern District of Alabama. Plaintiff is, and was at the time the complaint was filed, in the custody of the Alabama Department of Corrections at Holman. Holman is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Plaintiff indicates in his complaint that this is the institution where the actions about which he complains occurred or are occurring. Doc. No. 1 at 4.

Plaintiff names as defendants to the instant action Commissioner Kim Thomas, Attorney General Luther Strange, Governor Robert Bentley, and the Warden of Holman–Tony Patterson. Plaintiff also lists "Alabama State Senators" and "Alabama State Representatives" as defendants. Plaintiff alleges that he is being housed under unconstitutional conditions of confinement at Holman. The institution, Plaintiff claims, is

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The United States District Court for the Southern District of Alabama granted Plaintiff's requests to proceed *in forma pauperis* on January 25, 2012. *See* Doc. No. 3.

overcrowded, which fosters a hostile living environment, creates opportunity for inmate-on-inmate assaults as well as inmate assaults by prison personnel, and results in the denial of food, clothing, shelter, medical care, access to courts, sanitation, rehabilitation, and opportunity for release.  More specifically, Plaintiff alleges that:  1) mentally ill prisoners at Holman are not being monitored; 2) the ventilation at the facility is inadequate; 3) food is served cold and lacks sufficient nutrition; 4) dorm windows are broken; 5) roofs leak; 6) overcrowded dorms lead to assaults; 7) there are frequent cases of staph and lice; 8) the law library lacks adequate space; and 9) the medical staff is unprofessional and understaffed. Plaintiff further asserts, in a very generalized and conclusory fashion, that Defendants are a direct cause of the overcrowding and the Alabama Department of Corrections is aware of overcrowding in the prison system and has admitted to operating in violation of the Constitution.  Doc. No. 1.

*A. Defendants Thomas, Bentley, and Strange*

    *i. Official Capacity*

To the extent Plaintiff seeks to sue Defendants Thomas, Bentley, and Strange in their official capacities, as state officials, these defendants are absolutely immune from suit for damages. *See Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment). "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable."

*Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995).

   *ii. Individual Capacity*

   To the extent Plaintiff seeks to sue Defendants Thomas, Bentley, and Strange in their individual capacity, he is entitled to no relief against these defendants in this action. Plaintiff's complaint fails to indicate how Defendants Thomas, Bentley, and/or Strange are personally responsible for the alleged denial of his constitutional rights with respect to the conditions of confinement at Holman to which he is now and/or has been subjected since January 18, 2012. Further, the complaint fails to state specific facts describing how any of these defendants violated his constitutional rights; it is not sufficient to merely allege that a defendant violated a constitutional right. It is also not enough to assert in a generalized and conclusory fashion that Alabama's political or state officials have failed to address overcrowding in the prison system nor is the overcrowding of prisons *per se* unconstitutional. *See Rhodes v. Chapman,* 452 U.S. 337, 347-48 (1981) (holding that even a prison at double capacity does not violate the Constitution absent "deprivations of essential food, medical care, or sanitation.").

   At best, it appears, from a careful reading of the instant complaint, that Plaintiff names Defendants Thomas, Bentley, and Strange as defendants based on a theory of *respondeat superior*. A § 1983 action, however, will not support a claim under this theory. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her

individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).

Here, the court finds that Plaintiff's complaint, as pled, against Defendants Thomas, Bentley, and Strange is premised on no more than these Defendants' supervisory roles in state government. There is no indication, much less allegation, by Plaintiff of any facts showing purposeful personal involvement by any means by these Defendants. Plaintiff's

broad and conclusory allegations of constitutional violations at Holman are due to be dismissed against Defendants Thomas, Bentley, and Strange because Plaintiff has not alleged that these defendants participated in or directed any of the misconduct about which he complains. Without such personal involvement, these defendants may not be held liable. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Additionally, it is clear that these defendants are not involved in the daily operation of Holman or any other state correctional facility. Further, Plaintiff fails to allege, much less indicate, a causal relationship exists between an action undertaken or a policy enacted by Defendants Thomas, Bentley, and/or Strange and any constitutional deprivation to Plaintiff. Accordingly, Plaintiff's complaint against Defendants Thomas, Bentley, and Strange is due to be dismissed as he has not stated a viable § 1983 claim against them.[2]  *See Iqbal,* 556 U.S. at 676-77.

## B. Warden Patterson

---

[2] As noted, Plaintiff lists "Alabama State Senators" and "Alabama State Representatives" as defendants. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties . . ."); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.). Even if Plaintiff was able to properly identify a state legislator(s) to this suit, any attempt to impose liability on such defendant for his or her legislative activities would be subject to dismissal as the law is well settled that state and regional legislators are entitled to absolute immunity from liability under § 1983 for conduct undertaken in their legislative capacity. *See Tenney v. Brandhove,* 341 U.S. 367, 372 (1951); *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency,* 440 U.S. 391 (1979).

The court notes that Plaintiff's complaint is devoid of any specific allegations against Defendant Patterson and how this individual is personally responsible for the alleged denial of any constitutional right to which Plaintiff is entitled. While Plaintiff asserts numerous conditions at Holman, which he asserts amount to constitutional violations, he fails to specifically describe how the conduct or actions of Defendant Patterson or any other correctional personnel at this facility have deprived him of a constitutional right. Nonetheless, unlike the other named defendants, Warden Patterson is actively involved in the daily running and operation of Holman and an amendment to the complaint may potentially cure deficiencies in the complaint against Defendant Patterson as it is currently pled. The court, therefore, concludes that challenges Plaintiff seeks to make against Warden Patterson with respect to the prison conditions at Holman under which he was or is housed are due to be transferred to the United States District Court for Southern District of Alabama for the following reasons. A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C.

§ 1631.

Dismissal of Defendants Thomas, Bentley, and Strange for the reasons stated herein leaves as the only defendant remaining to this cause of action the Warden of Holman.  Under 28 U.S.C. § 1391(b)(1), venue is appropriate in the judicial district in which this sole remaining defendant resides.  It is clear from Plaintiff's recitation of the facts that the actions challenged in the instant proceeding and about which he has personal knowledge are occurring at a prison located in the Southern District of Alabama, a facility in which Plaintiff is currently incarcerated.  Moreover, those individuals personally responsible for providing for and/or ensuring Plaintiff's well-being with respect to the conditions under which he is housed are employed at an institution outside the jurisdiction of this court.  Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations regarding the adequacy of the conditions of confinement at Holman are located in the Southern District of Alabama.

In light of the foregoing, the court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.[3]

---

[3] With respect to claims Plaintiff seeks to litigate regarding the conditions to which other inmates at Holman are subjected, the court notes he lacks standing to assert the constitutional rights of other persons. *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."); *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 218-19 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction); *Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae,* 448 U.S. 297, 320 (1981).  While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals.  The competence of a layman is "clearly too limited to allow him to risk the rights of others."  *Oxendine v.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's complaint against Defendants Thomas, Bentley, and Strange be DISMISSED without prejudice  pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2.   Plaintiff's complaint against Defendant Patterson, which challenges the alleged unconstitutional conditions of confinement at the Holman Correctional Facility, be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a) and 28 U.S.C. § 1631.

It is further

ORDERED that on or before **October 18, 2012**, the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

*Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981).

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

 Done this 4th day of October, 2012.


       /s/ Wallace Capel, Jr.
       WALLACE CAPEL, JR.
       UNITED STATES MAGISTRATE JUDGE